Ruben N. Sarkisian, Bar No. 109898
Attorney at Law
P.O. Box 10519
Glendale, CA. 91209-3519
Telephone:  (818) 240-5845
Facsimile:   (888) 478-2340

E-mail: ruben@sarklawoffice.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Michael Saleh<br><br>    Plaintiffs<br><br>vs.<br><br>U.S. Citizenship & Immigration Services, a Bureau of the Department of Homeland Security, and DOES 1 Through 10 | CIVIL CASE NO.<br><br>COMPLAINT FOR A WRIT IN THE NATURE OF MANDAMUS TO COMPEL ADMINISTRATIVE ACTION BY THE CITIZENSHIP & IMMIGRATION SERVICES (CIS) of the U.S. DEPARTMENT OF HOMELAND SECURITY |

The Plaintiff alleges as follows:

## PARTIES

### The Plaintiff

1.  Plaintiff **Michael Saleh**, is a native and citizen of the United States, and a resident of the County of San Bernardino, whose petition[1] on behalf of his alien wife **Ghinwa Zeineddine**, has not been adjudicated.  **Ghinwa Zeineddine** will hereafter be referred as the **Beneficiary** of the visa petition by Plaintiff. The relevant **Petition for Alien Relative** (Form I-130) petition has been pending for nearly 2 years; this, at a time when similar petitions were and are being processed in a period ranging from  8 to 10.5 months, with no good cause having

---

[1]Defendant's Receipt number SRC1790583138, indicating filing on 6-28-2017.

1

ever been presented for this extreme delay of over twice and possibly three times the normal processing time.

### The Defendant

2.   Defendant, the U.S. Citizenship & Immigration Services (CIS) is a Federal Agency, a Bureau of the United States Department of Homeland Security, which is required under law to supervise, implement and enforce the Immigration and Nationality Act (hereinafter referred to as "INA"), 8 U.S.C. Section 1101, et.seq.

### FACTS

3. Plaintiff who is a native-born citizen of the United States, filed what is known as a *Petition for Alien Relative* on behalf of his spouse. The petition, also known as a form **I-130 petition**, was filed on **June 28, 2017**.   I-130 petitions, when filed on behalf of spouses of U.S. citizens become categorized as *immediate relative* **petitions**, as opposed to *preference* petitions[2], and as such, are not subject to any quotas, or restrictions in numbers, and should suffer no delays beyond ordinary bureaucratic processing.

Since the filing of the *Petition for Alien Relative* (form I-130), and receiving a receipt/acknowledgment of filing from the Defendant, no action has been taken on the petition, despite the fact that petitions filed by other persons have taken a few months[3] to be processed,  Plaintiff has had to endure a wait of **twenty-four months**, which as of the date of this complaint is continuing, notwithstanding several inquires. It is important to note that the lack of action which is the subject of this complaint, is merely the beginning of a process, which when completed, simply results in the commencement of a new inquiry, by the United States State Department, by way of consular processing in the beneficiary's country. Thus the defendant's failure to act, is impeding subsequent, and time consuming processing

---

[2] Such as petitions filed for brother, siblings or adult sone and daughters

[3] No more than six, or seven months.

by other department's of the United States government.

Enclosed and attached in support of the above, please find the following:

**A.** Copy of the receipt issued to Plaintiff, upon Defendant's receipt of his Petition for Alien Relative on behalf of his wife, indicating a receipt date of Feb 3, 2006. Said receipt is enclosed and attached as **Exhibit "A"**.

**B.** Original declaration signed under penalty of perjury by the Plaintiff, detailing his long and fruitless struggle to obtain the processing from the Defendant, enclosed and attached as **Exhibit "B"**

**C**. A copy of the processing time reports, issued by the defendant and retrieved from Defendant's Website. This report indicates that the petitions of persons similarly situated to the Plaintiff have been processed, even those which were filed **an entire year later** than Plaintiff's petition. Said report posted on June 19, 2019, is enclosed and attached as **Exhibit "C"**.

**D**. A copy of a response from the Defendant to Plaintiff's latest request for status, effectively giving him no information. Said worthless response is enclosed and attached as **Exhibit "D"**.

## JURISDICTION AND VENUE

4. This is an action for mandamus and injunctive relief in accordance with the provisions of Title 28, United States Code, Section 2201 and 2202, and is brought for the purpose of determining a question of actual controversy between the parties as more fully explained in the remainder of this complaint.

5. Jurisdiction of this action is based on Title 28, United States Code, Section 1331(a) and 2201 and 8 United States Code Section 1447(b). The Plaintiff alleges eligibility for payment of reasonable attorney's fees under the terms of the Equal Access to Justice Act, Title 28, United States Code, Section 2412.

6. Venue lies in this Court pursuant to the provisions of Title 28, United States Code, Section 1391(e), as Plaintiff, as well as defendant resides in the County of San Bernardino.

**CLAIM FOR RELIEF**

7. The Plaintiff is prima facie eligible for approval of his Petition for Alien Relative (forms I-130) on behalf of the Beneficiary.

8. The Defendant has not taken action to complete the adjudication of the Plaintiff 's petitions, notwithstanding the passage of nearly two years months since the filing of Plaintiff's petition.

9. Upon inquiry, Plaintiff has been advised that there are no deficiencies or questions respecting his petition and is aware of no reasons for the delay in the adjudication of his petition.

10. The Defendant has adjudicated thousands of petitions filed by persons who are not parties to this action, and which were filed subsequent to the petition filed by the Plaintiff.

11. The Defendant does not employ any reasonable system to safeguard that: (1) files are centrally monitored to guarantee that they are being closed out on a rational, efficient and non preferential basis; or, (2) applicants and petitioners are provided with information on the status of files that have not been adjudicated on a timely basis.

12. Plaintiff has been denied due process of law under the terms of the Fifth Amendment to the United States Constitution by the Defendant's neglect and refusal to take action to adjudicate his petition.

13. Plaintiff has suffered and continues to suffer irreparable harm as a result of the Defendant's refusal to take action, not the least of the harms suffered is the unreasonable delay in his wife becoming a Lawful Permanent Resident, and the family unity created thereby.

14. There is no reasonable basis for the Defendant's position and it is not substantially justified under the law.

15. The Defendant has in their possession all information necessary to complete the adjudication of the Plaintiff's application. The Defendant's refusal to complete

the administrative processing is a disregard of their official duty and the Plaintiff is wholly without remedy, under the circumstances, unless mandamus is ordered by this Court.

# PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays:

1. That judgement be entered ordering the Defendant to forthwith adjudicate the Plaintiff's Petition for Alien Relative (form I-130).
2. That the Defendant be ordered to pay the costs of suit herein.
3. That judgement be entered ordering the Defendant to forthwith adjudicate the Plaintiff's Petition for Alien Relative petitions.
4. That the Defendant be ordered to pay the Plaintiff's reasonable attorney's fees for this action.
5. That the Court grant such other and further relief as it may deem to be necessary and proper.

Respectfully submitted on June 19, 2019,

by:
*Ruben Sarkisian*
*/s/*
_____
Ruben Sarkisian